Philip M. Ballif (Utah Bar No. 4268)
    pballif@grimmerdavis.com
S. Adam Revelli (Utah Bar No. 14765)
    arevelli@grimmerdavis.com
**GRIMMER DAVIS REVELLI & BALLIF, PC**
3333 N. Digital Drive, Suite 460
Lehi, Utah 84043
Telephone: (801) 341-2075
Facsimile: (801) 341-2076

*Attorneys for Grimmer Davis Revelli & Ballif, PC, Grimmer & Associates, PC, Matthew Grimmer and Jacob Davis*

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>GRIMMER DAVIS REVELLI & BALLIF, P.C.; GRIMMER & ASSOCIATES, P.C.; MATHEW GRIMMER; JACOB DAVIS AND GEORGIA NOEL INMAN,<br><br>    Defendants. | **AMENDED ANSWER TO COMPLAINT FOR RESCISSION AND DECLARATORY JUDGMENT AND COUNTERCLAIM**<br><br>**(Demand for Jury Trial)**<br><br>Case No. 2:19-cv-00597-DBP |

Pursuant to Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure, Defendants Grimmer, Davis, Revelli & Ballif, PC ("GDRB"), Grimmer & Associates, PC ("G&A"), Matthew Grimmer ("Grimmer"), and Jacob Davis ("Davis") (collectively the "Grimmer Defendants"), by and through counsel, hereby amend their Answer to Complaint for Rescission and Declaratory Judgment [Dkt 15] to assert additional affirmative defenses and a counterclaim for declaratory relief.

# ANSWER

1.  With regard to paragraph 1 of the Complaint, the Grimmer Defendants are without sufficient information or knowledge to form a belief as to Travelers' reasons or purposes for bringing this lawsuit and therefore deny the allegations of said paragraph.

2.  With regard to paragraph 2 of the Complaint, the Grimmer Defendants are without sufficient information or knowledge to form a belief as to Travelers' reasons or purposes for bringing this lawsuit and therefore deny the allegations of said paragraph.

3.  With regard to paragraph 3 of the Complaint, the Grimmer Defendants are without sufficient information or knowledge to form a belief as to the allegations of this paragraph and therefore deny them.

4.  The Grimmer Defendants admit the allegations of paragraph 4 of the Complaint.

5.  The Grimmer Defendants admit the allegations of paragraph 5 of the Complaint.

6.  The Grimmer Defendants admit the allegations of paragraph 6 of the Complaint.

7.  The Grimmer Defendants admit the allegations of paragraph 7 of the Complaint.

8.  With regard to paragraph 8 of the Complaint, the Grimmer Defendants are without sufficient information or knowledge to form a belief as to the allegations of this paragraph and therefore deny them.

9.  Paragraph 9 of the Complaint pertain to matters of law, rather than allegations of fact, and does not call for an admission, denial or other response. Nevertheless, to the extent that a response is required, the Grimmer Defendants admit the allegations contained in this paragraph.

10. Paragraph 10 of the Complaint pertain to matters of law, rather than allegations of fact, and does not call for an admission, denial or other response. Nevertheless, to the extent that

a response is required, the Grimmer Defendants admit the allegations contained in this paragraph.

11. With regard to paragraph 11 of the Complaint, the Grimmer Defendants admit that GDRB submitted its Small Firm Application, dated April 18, 2019, signed by Grimmer as an officer of GDRB ("Small Firm Application") to Travelers, and that the document speaks for itself. The Grimmer Defendants deny all other allegations contained in this paragraph.

12. With regard to paragraph 12 of the Complaint, the Grimmer Defendants admit that GDRB submitted its Small Firm Application, dated April 18, 2019, signed by Grimmer as an officer of GDRB, and that the document speaks for itself, and the Grimmer Defendants deny all other allegations contained in this paragraph.

13. With regard to paragraph 13 of the Complaint, the Grimmer Defendants admit that GDRB submitted its Small Firm Application, dated April 18, 2019, signed by Grimmer as an officer of GDRB, and that the document speaks for itself, and the Grimmer Defendants deny all other allegations contained in this paragraph.

14. With regard to paragraph 14 of the Complaint, the Grimmer Defendants admit that GDRB submitted its Small Firm Application, dated April 18, 2019, signed by Grimmer as an officer of GDRB, along with a letter, also dated April 18, 2019, signed by Grimmer as an officer of GDRB, and that these documents speaks for themselves, and the Grimmer Defendants deny all other allegations contained in this paragraph.

15. With regard to paragraph 15 of the Complaint, the Grimmer Defendants admit that Travelers issued Policy No. 106892747 to GDRB, which document speaks for itself, and the Grimmer Defendants deny all other allegations contained in this paragraph.

16. The Grimmer Defendants admit the allegations of paragraph 16 of the Complaint.

17. With regard to paragraph 17 of the Complaint, the Grimmer Defendants admit only that the Policy speaks for itself and deny all other allegations contained in this paragraph that are inconsistent or in conflict with the terms of the Policy.

18. With regard to paragraph 18 of the Complaint, the Grimmer Defendants admit only that the Policy speaks for itself and deny all other allegations contained in this paragraph that are inconsistent or in conflict with the terms of the Policy.

19. With regard to paragraph 19 of the Complaint, the Grimmer Defendants admit only that Grimmer, Davis and G&A provided legal representation to both Plaintiff and her twin brother for a period of time, and that during a portion of that time they provided legal representation in the consolidated cases pending in the Third Judicial District Court, Lincoln County, State of Wyoming, and identified as Case No. CV-2013-120-DC (the "Consolidated Cases"). The Grimmer Defendants deny all other allegations contained in this paragraph.

20. With regard to paragraph 20 of the Complaint, the Grimmer Defendants admit only that Grimmer, Davis and G&A discontinued representing Plaintiff and withdrew as her counsel of record in the Consolidated Cases. The Grimmer Defendants deny all other allegations contained in this paragraph.

21. With regard to paragraph 21 of the Complaint, the Grimmer Defendants admit that a motion to disqualify Grimmer, Davis, G&A and GDRB (the "Motion to Disqualify") was filed by Georgia Inman in the Consolidated Cases, and the Motion to Disqualify speaks for itself. The Grimmer Defendants deny all other allegations contained in this paragraph.

22. With regard to paragraph 22 of the Complaint, including its subparagraphs, the Grimmer Defendants admit only that the Motion to Disqualify speaks for itself and deny all other allegations contained in this paragraph.

23. With regard to paragraph 23 of the Complaint, the Grimmer Defendants admit only that David B. Park as Special Master in the Consolidated Cases issued a Report of Special Master on Motion to Disqualify Mathew Grimmer ("Special Master Report"), which document speaks for itself. The Grimmer Defendants deny all other allegations contained in this paragraph.

24. With regard to paragraph 24 of the Complaint, including its subparagraphs, the Grimmer Defendants admit only that the Special Master Report speaks for itself and deny all other allegations contained in this paragraph.

25. With regard to paragraph 25 of the Complaint, the Grimmer Defendants admit only that the Special Master Report speaks for itself and deny all other allegations contained in this paragraph.

26. With regard to paragraph 26 of the Complaint, the Grimmer Defendants admit that the court in the Consolidated Cases entered an order on March 25, 2019 ("Order"), and that the Order speaks for itself. The Grimmer Defendants deny all other allegations contained in this paragraph.

27. With regard to paragraph 27 of the Complaint, the Grimmer Defendants admit only that on April 18, 2019, Grimmer and Davis were aware of the content of the Disqualification Motion, the Special Master's Report, and the Order. The Grimmer Defendants deny all other allegations contained in this paragraph.

28. With regard to paragraph 28 of the Complaint, this paragraph does not call for a separate response by the Grimmer Defendants.

29. The Grimmer Defendants deny the allegations of paragraph 29 of the Complaint.

30. With regard to paragraph 30 of the Complaint, the Grimmer Defendants admit that on April 18, 2019, Grimmer and Davis were aware of the content of the Disqualification Motion, the Special Master's Report, and the Order. The Grimmer Defendants deny all other allegations contained in this paragraph.

31. The Grimmer Defendants deny the allegations of paragraph 31 of the Complaint.

32. With regard to paragraph 32 of the Complaint, the Grimmer Defendants are without sufficient information or knowledge to form a belief as to the allegations of this paragraph and therefore deny them.

33. The Grimmer Defendants deny the allegations of paragraph 33 of the Complaint.

34. With regard to paragraph 34 of the Complaint, the Grimmer Defendants admit that Travelers tendered to GDRB a check, which the Grimmer Defendants affirmatively allege has not been negotiated and has been rejected. The Grimmer Defendants deny all other allegations contained in this paragraph.

35. Unless specifically admitted, qualified or explained, each and every allegation of the Complaint is denied, and strict proof thereof is demanded.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The claims of Travelers' Complaint are completely or partially barred because they fail to state a claim upon which relief may be granted.

### Second Affirmative Defense

The claims of Travelers' Complaint are completely or partially barred by the doctrine of unclean hands.

Third Affirmative Defense

The claims of Travelers' Complaint are completely or partially barred by Utah Code § 31A-21-105(2) and the case law interpreting and applying said provision.

Fourth Affirmative Defense

The claims of Travelers' Complaint are completely or partially barred because the Application is not part of the Policy and therefore not part of the contract between the parties.

Fifth Affirmative Defense

The claims of Travelers' Complaint are completely or partially barred because the language of section XIX of the Policy (Form PTC-1001 Ed. 11-08) was intended to have and/or has the effect of altering the standard for measuring the answer to Question 27 of the Application.

Sixth Affirmative Defense

The claims of Travelers' Complaint are completely or partially barred because the parties contracted out of and to terms different from those provided by statute such that the parties intended that the language and effect of section XIX of the Policy (Form PTC-1001 Ed. 11-08) would apply rather than the language of Utah Code § 31A-21-105(2) and the case law interpreting and applying said provision, and such that Traveler's right to void and rescind the Policy would be available only "if, after the Inception Date of the **Policy Period** set forth in ITEM 2 of the Declarations, any **Principal Insured** has intentionally concealed or misrepresented any material fact or circumstance, concerning this insurance or the subject thereof, provided that section XIX. MISREPRESENTATION does not apply if such **Principal Insured** mistakenly: A. failed to disclose information to the Company; or B. mislead the Company."

# COUNTERCLAIM

Defendant/Counterclaimant Grimmer Davis Revelli & Ballif, PC ("GDRB") asserts as its counterclaim the following allegations and cause of action against Plaintiff/Counterclaim Defendant Travelers Casualty and Surety Company of America ("Travelers") as follows:

## Parties

1. GDRB is a professional corporation organized and existing under the laws of the State of Utah, maintains its principal place of business in Lehi, Utah, and is a citizen of the State of Utah.

2. On information and belief, Travelers is an insurance company incorporated under the laws of the State of Connecticut, has its principal place of business in Hartford, Connecticut, and is a citizen of the State of Connecticut.

## Jurisdiction and Venue

3. Federal subject matter jurisdiction exists with respect to this counterclaim, pursuant to 28 U.S.C. § 1332, because it is a claim between citizens of different states, and the amount in controversy exceeds $75.000, exclusive of interest and costs.

4. Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in this district because a substantial part of the events giving rise to GDRB's claim for declaratory relief occurred in this district.

## FIRST CAUSE OF ACTION

(Declaratory Relief – Coverage)

5. GDRB was formed and registered as a Utah professional corporation on December 20, 2017. GDRB first began performing legal services on January 2, 2018.

6. On April 19, 2019, Travelers issued a Travelers 1st Choice+ Lawyers Professional Liability Policy, No. 106892747 to GDRB as the Named Insured with a March 20, 2019 effective date and a policy period of March 20, 2019 to March 20, 2020 (the "Policy").

7. GDRB paid all amounts due and owing for the Policy.

8. Pursuant to the Insuring Agreement provision of the Policy (Form LPL-1001 Ed. 11-08), Travelers agreed as follows:

> The Company will pay on behalf of the **Insured**, **Damages** and **Defense Expenses** for any **Claim** first made during the **Policy Period** that is caused by a **Wrongful Act** committed on or after any applicable Retroactive Date set forth in ITEM 5 of the Declarations, provided that no **Insured** on the Knowledge Date set forth in ITEM 5 of the Declarations had any basis to believe that such **Wrongful Act** might reasonably be expected to be the basis of a **Claim**.

9. GDRB is an **Insured** as that term is defined and used in the Policy.

10. GDRB submitted a **Claim** to Travelers under the Policy during the **Policy Period**, as those terms are defined and used in the Policy, as follows:

    (a) On April 25, 2019, GDRB received a Notice of Claims letter from legal counsel for Georgia Noel Inman advising GDRB that they are "in the process of preparing and pursuing malpractice claims against … Grimmer Davis Revelli & Ballif, P.C. … for professional negligence arising out of your previous representation of Georgia" (the "Notice of Claims Letter");

    (b) On May 17, 2019, GDRB forwarded the Notice of Claims Letter to Travelers;

    (c) On June 10, 2019, Georgia Noel Inman filed a complaint in the case of *Georgia Noel Inman v. Matthew G. Grimmer*, et al., Third Judicial District Court,

Lincoln County, Wyoming, Case No. CV-2019-80-DC (the "Georgia Inman Complaint");

(d) The Georgia Inman Complaint made allegations and asserted causes of action for legal malpractice and breach of fiduciary duty against GDRB; and

(e) Soon after June 17, 2019, Travelers was made aware of the Georgia Inman Complaint.

11. The Georgia Inman Complaint is, in whole or in part, a "**Claim** [against GDRB] first made during the **Policy Period** that is caused by a **Wrongful Act** committed on or after any applicable Retroactive Date set forth in ITEM 5 of the Declarations" as those terms are defined and that language is used in the Policy.

12. "[N]o **Insured** on the Knowledge Date set forth in ITEM 5 of the Declarations had any basis to believe that such **Wrongful Act** might reasonably be expected to be the basis of a **Claim**" against GDRB as those terms are defined and that language is used in the Policy.

13. The **Claim** against GDRB is covered by the Policy, in whole or in part.

14. Travelers is obligated to pay the **Damages** and **Defense Expenses** of GDRB for the **Claim** against GDRB, in whole or in part, as those terms are defined and used in the Policy.

15. Travelers filed the present action not only to rescind and declare the Policy void, but also to declare that Travelers "has no duty to defend or indemnify the Grimmer Parties [including GDRB] against the Inman Lawsuit or any other **Claim**".

16. In addition, Travelers has and continues to reserve and not waive its rights to deny or otherwise limit coverage for the **Claim** against GDRB claiming that the Policy may not afford coverage to GDRB.

17. A real, substantial, and justiciable controversy, which is appropriate for judicial decision, has arisen and exists between GDRB and Travelers regarding the issue of coverage for the **Claim** against GDRB.

18. Declaratory relief is proper under 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure.

19. GDRB is therefore entitled to a judgment declaring that (a) the **Claim** against GDRB is covered by the Policy, and (b) Travelers is obligated to pay GDRB's **Damages** and **Defense Expenses** for the **Claim** against GDRB in whole or in part.

## PRAYER FOR RELIEF

WHEREFORE, the Grimmer Defendants respectfully request that the Court enter judgment in their favor:

A. Dismissing Travelers' Complaint;

B. Denying Travelers' request for Policy rescission;

C. Denying Travelers' request for a declaration that the Policy is void;

D. Denying Travelers' request for a declaration that it has no duty under the Policy to defend or indemnify; and

E. Granting such other and further relief as the Court deems just and proper.

WHEREFORE, Counterclaimant GDRB respectfully requests that the Court enter judgment in its favor:

A. Declaring that the **Claim** against GDRB is covered by the Policy;

B. Declaring that Travelers has a duty under the Policy to defend and indemnify GDRB with respect to the **Claim**; and

C. Granting such other and further relief as the Court deems just and proper.

DATED   November 19, 2019.

**GRIMMER DAVIS REVELLI & BALLIF, PC**

*/s/ Philip M. Ballif*
Philip M. Ballif
S. Adam Revelli
*Attorneys for Defendants Grimmer Davis Revelli & Ballif, PC, Grimmer & Associates, PC, Matthew Grimmer and Jacob Davis*

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Grimmer Defendants request a jury trial in this action with respect to all issues so triable.

DATED November 19, 2019.

**GRIMMER DAVIS REVELLI & BALLIF, PC**

*/s/ Philip M. Ballif*
Philip M. Ballif
S. Adam Revelli
*Attorneys for Defendants Grimmer Davis Revelli & Ballif, PC, Grimmer & Associates, PC, Matthew Grimmer and Jacob Davis*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 19, 2018 I caused a copy of this **AMENDED ANSWER TO COMPLAINT FOR RESCISSION AND DECLARATORY JUDGMENT AND COUNTERCLAIM** to be served via the Court's electronic filing system, which served a copy on all counsel of record.

/s/ Philip M. Ballif